RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4/28/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKY LANE SINCLAIR (#286705) | DOCKET NO. 11-CV-240; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| SHERYL LAING, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Ricky Lane Sinclair filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at Rapides Detention Center 3 in Alexandria, Louisiana. He names as defendants Assistant District Attorney Sheryl Laing, Judge Harry Randow, Judge John C. Davidson, and attorney Gregory Wampler. Plaintiff asks that his criminal matter be dismissed and that he be awarded damages for the time he spent incarcerated.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the complaint be DENIED and DISMISSED, WITH PREJUDICE.

### *Background*

Plaintiff was charged with the second degree murder of his brother on December 12, 2000. On October 15, 2001, Plaintiff pled guilty to the responsive charge of manslaughter. [Doc. #1, p.18] On December 17, 2001, Plaintiff was sentenced to serve 25-years at

hard labor. [Doc. #1, p.18; <u>Sinclair v. Warden</u>, 2007 WL 2903058 (WDLA)] Plaintiff did not appeal his conviction and sentence. <u>Id.</u>

On November 18, 2002, Plaintiff filed a pro se Application for Post-Conviction Relief in the Ninth Judicial District Court. [Doc. #1, p.13-16] On April 2, 2003, Plaintiff employed attorney Gregory Wampler to represent him. [Doc. #1, p. 43-45] Approximately one-year later, Plaintiff discharged Mr. Wampler. [Doc. #1, p. 52] At some point thereafter, Plaintiff re-hired Wampler, and approximately three years elapsed during which Wampler regularly corresponded with Plaintiff, leading Plaintiff to believe that his application for post-conviction relief was still active. [Doc. #1, p. 8-9, 55-69]

On April 1, 2007, Plaintiff spoke with attorney Carlton J. Hicks about Plaintiff's application for post-conviction relief. Mr. Hicks found a note attached to Plaintiff's application stating that relief had been denied as of April 2, 2003, which was the date that Plaintiff signed a representation agreement with Wampler. [Doc. #1, p.8]

Plaintiff filed a petition for writ of habeas corpus in this Court on April 10, 2007. Plaintiff claimed that he was entitled to habeas relief because his court-appointed trial counsel misled and coerced him into entering the guilty plea, and his retained post-conviction counsel was ineffective. [Docket No. 1-07-cv-626] The habeas application was denied as unexhausted and procedurally

defaulted. Sinclair v. Warden, 2007 WL 2903058 (WDLA).

Plaintiff sought a writ of mandamus from the Third Circuit Court of Appeal because his record contained no written reason for the denial of his application for post conviction relief. The writ was granted in part, directing the trial court to consider Plaintiff's application and render a ruling thereon. [Doc. #1, p.71] In response to the mandamus, the Ninth Judicial District Court denied the application. [Doc. #1, p. 74]

### *Law and Analysis*

**1. Heck Barred**

Plaintiff seeks monetary damages for the time he has been incarcerated. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to

state a claim upon which relief may be granted. See <u>Randell v. Johnson</u>, 227 F.3d 300, 301 (5th Cir. 2000). It is clear that Plaintiff's conviction has **not** been reversed, expunged, or declared invalid, as he is requesting such relief in this case, and his prior petition for writ of habeas corpus was denied. Thus, Plaintiff's claim for money damages is barred under <u>Heck v. Humphrey</u>.[1]

## 2.  Dismissal of Criminal Matter

Plaintiff also seeks to have his criminal case "dismissed." Such relief is not available by way of a civil rights action. See <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997). A §1983 action is appropriate for recovering monetary damages; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the *fact or duration* of his confinement. See <u>Cook v. Texas Dept. of Criminal Justice Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir. 1994). Because Plaintiff's request for relief is not available under §1983, his claim should be dismissed.

### *Conclusion*

---

[1] Moreover, Plaintiff named as defendants the prosecutor, two judges, and his private attorney on post-conviction relief. The district attorney is immune in a civil rights suit for any actions taken pursuant to his role as State advocate in preparing for the initiation of judicial proceedings or for trial. See <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994). Similarly, judicial officers enjoy absolute immunity from liability for damages for acts performed in the exercise of their judicial functions. <u>Id.</u> at 284. Finally, there is no allegation or evidence that Mr. Wampler is a state actor for purposes of liability under §1983.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE